# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUNIL REPAKA,<br><br>                Plaintiff/Petitioner,<br>v.<br><br>RAND BEERS, Acting Secretary of Homeland Security, ALEJANDRO MAYORKAS, Director of United States Citizenship and Immigration Services, and MARILYN WILES, Director, USCIS Nebraska Service Center,<br><br>                Defendants. | Case No. 13-cv-05 BTM-RBB<br><br>**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** |

    The parties have filed cross-motions for summary judgment. For the reasons set forth below, Plaintiff's motion is **DENIED** and Defendants' motion is **GRANTED.**

## I. BACKGROUND

### A. Legal Framework: Exceptional Ability Visas

    The Immigration and Nationality Act ("INA"), as amended, provides for the issuance of visas to aliens "who are members of the professions holding advanced degrees . . . who because of their exceptional ability in the sciences, arts, or

business, will substantially benefit prospectively the national economy." 8 U.S.C. § 1153(b)(2)(B)(i). An applicant for such a visa ordinarily must be sponsored by an American employer, though the INA provides the Attorney General[1] with discretion to waive the job offer requirement if he "deems it to be in the national interest." Id. Authorized agency officials may exercise that discretion within the bounds of the INA, applicable regulations, and governing decisions so long as their professional judgment is informed, reached, and announced consistent with those laws. Recent Past Pres. Network v. Latschar, 701 F. Supp. 2d 49, 61 (D.D.C. 2010).

"Exceptional ability" is defined as "a degree of expertise significantly above that ordinarily encountered in the sciences, arts, or business." 8 C.F.R. 204.5(k)(2). Neither the INA, nor regulations promulgated thereunder, define "national interest." The Board of Immigration Appeals evaluates requests for a national interest waiver as follows: The petitioner must show (1) that he seeks employment in an area of substantial intrinsic merit, (2) that the proposed benefit will be national in scope, and (3) requiring a labor certification would negatively affect the national interest. Matter of New York State Dep't of Trans., 22 I&N Dec. 215, 217-18, 1998 BIA LEXIS 26 (BIA Aug. 7, 1998) ("NYDOT") ("Stated another way, the petitioner, whether the U.S. employer or the alien, must establish that the alien will serve the national interest to a substantially greater degree than would an available U.S. worker having the same minimum qualifications."). NYDOT has been designated as "precedent" with respect to national interest waiver applications. See A.R. 568. See also Talwar v. INS, 2001 U.S. Dist. LEXIS 9248, *18 (S.D.N.Y. July 9, 2001). USCIS continues to apply NYDOT, as evidenced by the RFE (A.R. 453) and its decision (A.R. 559). The Court defers to this interpretation of "national interest."

---

[1] The Homeland Security Act of 2002, P.L. 107-296 §§ 441, 451-56, transferred this function to the Department of Homeland Security. The visa application *sub judice* falls under the purview of the United States Citizenship and Immigration Service ("USCIS").

See <u>Chevron USA, Inc. V. Natural Resources Defense Council</u>, 467 U.S. 837, 842-43 (1994); <u>INS v. Aguirre-Aguirre</u>, 526 U.S. 415, 425 (1999) (deferring to a Board of Immigration Appeals order).  See also <u>Montana Wilderness Ass'n v. Connell</u>, 725 F.3d 988, 994 (9th Cir. 2013).  The waiver denial is reviewable under the Administrative Procedures Act ("APA") and 28 U.S.C. § 1331.  <u>Mikhailik v. Ashcroft</u>, Civ. No. 04-0904, 2004 US Dist. LEXIS 20379, *13-16, 21 2004 WL 2217511, *2  (N.D.Cal. Oct. 1, 2004) (waiver decision is not a matter of unfettered discretion under 5 U.S.C. § 701(a)(2) because the designation of <u>NYDOT</u> as precedent constitutes a settled course of adjudication "entitled to substantial deference") (citations omitted).  See also <u>Spencer Enters. V. United States</u>, 345 F.3d 683, 688 (9th Cir. 2003) ("Even where statutory language grants an agency unfettered discretion, its decision may nonetheless be reviewed if regulations or agency practice provide a meaningful standard by which this court may review its exercise of discretion."); <u>O'Neill v. Cook</u>, 828 F. Supp. 2d 731, 736 (D. Del. 2011).

**B.    Facts**

On January 25, 2010, Mr. Repaka filed an employment based immigrant petition ("Form I-140") pursuant to INA § 203(b)(2), requesting classification as an alien of exceptional ability. A.R. 1.  Mr. Repaka sought a waiver of the labor certification requirement, as his petition was not sponsored by an employer.  In support of his waiver request, he submitted eighteen exhibits.  On March 29, 2010, USCIS requested additional evidence regarding Repaka's qualifications, specifically requesting evidence that waiver would be in the national, rather than merely local, interest.  A.R. 452-53 (requesting evidence of his "ability to serve the national interest to a substantially greater extent than the majority of [his] peers" and his "influence on [his] field of employment as a whole.").  Mr. Repaka timely filed seven additional exhibits in response.  A.R. 2, 454-537.

On October 18, 2010, USCIS denied Mr. Repaka's waiver request, finding that he is a "competent engineer whose skills and abilities are of value to his employer" but "the record does not show that a job offer waiver based on the national interest is warranted."  A.R. 538-41.  Mr. Repaka appealed to the USCIS Administrative Appeals Office ("AAO") on November 18, 2010.  A.R. 544-46.  On appeal, he provided additional evidence, including a list of 27 papers purportedly citing his work.  A.R. 547-53.  The AAO affirmed the waiver denial on January 18, 2012.  A.R. 557-68.

## II. STANDARD OF REVIEW

In actions brought under the Administrative Procedures Act ("APA"), summary judgment serves as an avenue for deciding whether a final agency action is adequately supported by the administrative record.  Northwest Motorcycle Ass'n v. U.S. Dep't Agric., 18 F.3d 1468, 1471-72 (9th Cir. 1994).  For jurisdiction under the APA, the agency action at issue "must be final, it must adversely affect the party seeking review, and it must be non-discretionary."  Pinho v. Gonzales, 432 F.3d 193, 200 (3d Cir. 2005).  Under the APA, the Court may set aside an agency's final decision only upon a finding that it was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law."  5 U.S.C. § 706(2)(A).  An agency action is arbitrary or capricious if the agency fails to "examine the relevant data and articulate a satisfactory explanation for its action including a rational connection between the facts found and the choice made."  Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co., 463 U.S. 29, 42-43 (1983) (internal citations and quotations omitted).

The Court's review is based on the administrative record that was before the agency decision makers at the time they made their decision.  Citizens to Preserve Overton Park v. Volpe, 401 U.S. 402, 420 (1971).  The Court reviews the whole

record, or those parts of it cited by a party, for substantial evidence. See Herrera v. USCIS, 571 F.3d 881, 885 (9th Cir. 2009). It will not disturb the agency's final decision "unless the evidence presented would *compel* a reasonable finder of fact to reach a contrary result." See Herrera v. USCIS, 571 F.3d 881, 885 (9th Cir. 2009). Id. "Review under this standard is to be searching and careful, but remains narrow, and a court is not to substitute its judgment for that of the agency. . . . [especially where] the challenged decision implicates substantial agency expertise." Friends of Clearwater v. Dombek, 222 F.3d 552, 556 (9th Cir. 2000) (citations omitted). Thus, to prevail, Mr. Repaka must establish that the decision denying his waiver request was arbitrary, capricious, an abuse of discretion or otherwise not in accordance with the law.

## III.  DISCUSSION

It bears emphasizing that even aliens who establish exceptional ability are ordinarily subject to the job offer requirement. Thus, the petitioner must satisfy an even higher burden. In other words, it does not suffice to be "good." Indeed, it does not suffice to be "exceptional." By the plain language of the statute, for the agency to even have discretion to grant a waiver, one must demonstrate such exceptional talent that his presence is in the national interest. According to Mr. Repaka's application, "[w]hat makes [him] unique is that he has a background in using remote sensed imagery in graphic information systems." USCIS found that Mr. Repaka is a competent engineer in a field (transportation engineering with an emphasis on remote sensing, hazard mapping, and floodplain management) of substantial intrinsic merit. USCIS also acknowledged the national benefit of Mr. Repaka's occupation. A.R. 539. The Court thus assumes that expertise in these fields is of national importance. NYDOT (bridge safety engineering expert could provide service of national import). But his waiver request was denied because he

had not demonstrated such extraordinary ability that a waiver was in the national interest.

Pointing to his research and reference letters, Mr. Repaka argues that the AAO's decision is arbitrary, capricious, and contrary to law.  Specifically, he (1) complains that USCIS did not provide sufficient opportunity to present clarifying information, and (2) attacks the analysis of his past achievements.  (Pl.'s Mot. 4-5.)

### A.     The Request for Additional Evidence

According to Mr. Repaka, USCIS requires a waiver applicant to "read minds" because its March 28, 2010 request for additional evidence ("RFE") was too general.  (Pl.'s Reply 2.)  The Court disagrees.  The RFE merely offered a second bite at the apple.  It stated that he had satisfied the first prong of the analysis, i.e., showing his field to be one of substantial intrinsic merit.  But it also explained that the initial waiver request was not supported by enough evidence that his work is in the national, as opposed to local, interest.  Moreover, it specifically explained that the agency seeks evidence of his "influence on your field of employment as a whole" and that "your abilities are greater in some capacity to the majority of your peers." A.R. 453.  The Court finds no deficiency in the RFE, in terms of adequacy of notice or otherwise.

### B.     USCIS Analysis

Mr. Repaka argues that Defendants misunderstood the significance of his credentials, ignored his supplemental list of citations,  A.R. 547-554, and failed to give proper weight to his reference letters.  Again, the Court disagrees.

#### 1.     Professional Credentials

The petitioner alone bears the burden of proof.  8 U.S.C. § 1361. See also Matter of Treasure Craft of Cal., 14 I&N Dec. 190 (R.C. 1972).  Commensurate with that burden is responsibility for explaining the significance of proffered evidence.   The significance of membership in, e.g., the American Society of Civil

Engineers ("ASCE"), or of any awards, accolades, or certifications, is for him to put in context and explain in a meaningful way. As the AAO noted, "[t]he unsupported assertions of counsel do not constitute evidence." A.R. 560. Yet that is what Mr. Repaka's appeal rests upon. He does not show that USCIS failed to give sufficient weight to his membership in, e.g., the ASCE. Even assuming *arguendo* that fewer than nine percent of ASCE members obtain full "Member" status, as he claims, there is no reason to believe that would render such Members "exceptional" for purposes of 8 C.F.R. § 204.5(k)(2). USCIS likewise explained that a state license does not demonstrate exceptional ability, since "every engineer in California passed the examinations as [Mr. Repaka] did." A.R. 561. The petitioner has shown no error in the consideration of his credentials, awards, or affiliations in determining the record lacked sufficient evidence of exceptional ability.

    2.    Publications & Citations

Although publication is not a necessary condition for a waiver, publications and presentations form a significant part of Mr. Repaka's case. The record indicates that Mr. Repaka has no published journal articles (though one of his works was cited in a 2006 journal article), and two of his articles were published in conference proceedings, most recently in 2004. A.R. 568. USCIS explained that it is not enough to show that the petitioner plays an important role in his field, because qualified U.S. workers may perform the same role. A.R. 540. Additionally, if Mr. Repaka "no longer conducts research for publication or presentation, his past history of such work offers no prospective benefit to the United States." A.R. 568.

Assuming that the Google Scholar printout provided by Mr. Repaka is accurate, at least one of his works was cited as recently as 2010. A.R. 553. Yet USCIS concluded that Mr. Repaka's published research has a "very minimal citation record," that he has not demonstrated a level of interest in his work that distinguishes him from his peers, and that his research was not "cutting edge." Id.

The AAO agreed that academic citations to student research says little about the importance of his subsequent professional endeavors, and found that the citations do not "demonstrate an unusual level of impact or influence in his field."  A.R. 561.  Citations alone establish little, as they provide no indiction as to what his works were cited for.  Thus, Mr. Repaka points to articles citing a 2004 conference paper he coauthored entitled *Comparing Spectral and Object Based Approaches for Classification and Transportation Feature Extraction from High Resolution Multispectral Imagery*.  A.R. 168, 189, 201.  A supporting letter from Rodrigo A. A. Nobrega, Ph.D. of Mississippi State University's Geosystems Research Institute explains that Mr. Repaka's study explored the extraction of transportation features from multispectral imagery from two satellites.  A.R. 234.  "The benefit of this method is that it saves time and allows for accurate and speedy classification and in turn helps with the planning phase of road construction, railroad relocation and other major civil transportation projects.  Id.  That is no doubt helpful, but the cited pieces do not indicate that Mr. Repaka was or is vital to the development of any particular application or technique.  Consequently, the record lacks sufficient evidence to discern the prospective benefits of his work or otherwise support an alternative result here.  The Court therefore finds no deficiency in the evaluation of citations to Plaintiff's work.

   3.  <u>Reference Letters</u>

  Mr. Repaka also provided several letters of recommendation from previous employers and others that describe his contributions to specific projects.  The letters suggest that he was instrumental to a floodplain mapping initiative in Mississippi (A.R. 562-63, 565) and "Trade Corridor Improvement" efforts in California (A.R. 563-65).  USCIS found these letters insufficient to establish that he stands apart from his colleagues to such a degree as to merit a waiver.  The AAO considered and discussed the letters, finding them insufficient, when combined with all the

evidence, to establish that a waiver was in the national interest. A.R. 561-66. Mr. Repaka demonstrates nothing to the contrary. For example, according to one letter, he saved the California Department of Transportation $13 million. The AAO determined, based on record evidence, that those savings were not attributable to any particular skill wielded by Mr. Repaka, but instead to waivers obtained based on exceptions to advisory design standards. A.R. 566.

The supporting letters leave little doubt that Mr. Repaka has expertise in obtaining useful data from multispectral imaging and other remote sensing techniques. See, e.g., A.R. 234-35. But, as discussed above, that is insufficient to satisfy the heavy burden applicable here. Mr. Repaka reveals no errors in the AAO's analysis of his reference letters, and the Court finds no reason to disturb the AAO decision.

## IV. CONCLUSION

USCIS accepted all of Plaintiff's evidence and provided him with an opportunity to supplement it. The petitioner has shown nothing arbitrary, capricious, or otherwise improper in the analysis of that evidence. Indeed, he has failed to establish that he was eligible for a waiver, let alone that the agency abused its discretion in declining to grant one. The Court accordingly finds that, at both the initial and appellate level, USCIS provided a thorough analysis and explanation consistent with the applicable law.

For the reasons stated, the Court **DENIES** Plaintiff's motion for summary judgment and **GRANTS** Defendants' motion for summary judgment. The Clerk of Court shall enter judgment accordingly.

DATED: January 6, 2014

BARRY TED MOSKOWITZ
Chief Judge
United States District Court